UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AVIESEL MARTINEZ,

        Petitioner,

v.                                            Case No.:  2:20-cv-539-FtM-38NPM

DEPARTMENT OF HOMELAND
SECURITY and
DEPARTMENT OF JUSTICE,

        Respondents.
_____/

## **OPINION AND ORDER**[1]

Pending before the Court is Petitioner Aviesel Martinez's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed June 29, 2020 (Doc. 1, Petition). Respondent responded to the Petition (Doc. 11). Respondent asks the Court to dismiss the Petition as moot because Immigration and Customs Enforcement (ICE) released Martinez.[2] Doc. 11-1. Martinez has not filed a change of address with the Court nor sought permission to file a reply to the Response. *See* (docket). The Court finds this matter ripe for review on the record here.

Read liberally, Martinez, a native and citizen of Cuba, challenges his continued detention by ICE pending deportation as unconstitutional under *Zadvydas v. Davis*[3]

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Despite Martinez' release from detention, Martinez remains under federal authority for habeas purposes because ICE has placed restrictions on his freedom of action or movement for purposes of habeas relief. *Alvarez v. Holder*, 454 F. App'x 769, 772 (11th Cir. 2011).

[3] In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held the United States may not indefinitely detain aliens under an order of deportation.  To justify detention of aliens for a period of longer than six months, the government has to show removal in the foreseeable future or special circumstances.

because ICE cannot effectuate his deportation in the near term. *See generally* Doc. 1. ICE took Martinez into custody on December 10, 2019 following his release from prison. (*Id.*, ¶ 13).

On June 23, 2020, ICE exercised its discretionary authority and released Martinez from detention on an Order of Supervision. (Doc. 11-1). Martinez remains subject to certain conditions and restrictions on the Order of Supervision. (*Id.*).

The Court finds this action must be dismissed as moot. "[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (internal punctuation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Release alone does not automatically moot a petitioner's claim. A petition may continue to present a live controversy after the petitioner's release or deportation when there is some remaining "collateral consequence" that may be redressed by success on the petition. *Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); *Lopez v. Gonzales*, 549 U.S. 47, 52 n.2 (2006) (case not mooted by petitioner's deportation because the petitioner could still benefit by pursuing his application for cancellation of removal). And an exception to the mootness doctrine applies when: (1) the challenged action is too short in duration to be litigated before its cessation or

expiration; and (2) there is a reasonable expectation that the same complaining party would face the same action again. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982).

Martinez does not challenge his underlying removal order. Martinez challenges only his extended and alleged illegal detention pending deportation and seeks immediate release from this detention. The discretionary decision by ICE to grant Martinez release and place him on an order of supervision provides Martinez the relief he sought. Because Martinez has failed to keep the Court appraised of his current address, the Court cannot order Martinez to show cause why his Petition should not be dismissed as moot. The Court does not independently find that the restrictions placed on Martinez under the Order of Supervision are unduly restrictive to constitute collateral consequences. *See Alvarez v. Holder*, 454 F. App'x at 773. Further the chances of Martinez's extended detention happening again are too speculative to create a controversy sufficient to support a claim for relief, and the narrow exception to the mootness doctrine does not apply.

Based on a review of the record, the Court finds the relief Martinez seeks is mooted by his release from detention. Since the Court can no longer give Martinez any meaningful relief "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336, 1253; *Riley v. I.N.S.,* 310 F.3d 1253 (10th Cir. 2002) (release from detention under an order of supervision moots a petitioner's challenge to the legality of his extended detention); *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (release of alien under order of supervision who challenged only his extended detention mooted § 2241 habeas petition because the alien "achieved the result he sought in his habeas petition"); *see also Phang v. Whiddon, et al.*, Case No. 2:13-cv-149-FtM-29DNF, 2014 WL 6685345, * 3 (M.D. Fla. 2014).

If Martinez seeks issuance of certificate of appealability, the Court opines a certificate of appealability is not warranted. Martinez cannot make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Martinez "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)(quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) ).

Accordingly, it is now

**ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as moot**.

2. Petitioner is denied a certificate of appealability.

3. The Clerk shall enter judgment, terminate any pending motions and deadlines and close this file.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of September 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4